UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JAMES DAVID NOTTLE,

    Plaintiff,

v.    Case No. 3:12-cv-383-J-12TEM

KENNETH S. TUCKER,
etc.; et al.,

    Defendants.

## ORDER OF DISMISSAL WITHOUT PREJUDICE

Plaintiff filed a Civil Rights Complaint Form (Doc. #1) (hereinafter Complaint) on April 6, 2012; however, Plaintiff did not pay the $350.00 filing fee or file a request to proceed in forma pauperis within thirty days of the commencement of the action. Thus, pursuant to Rule 1.03(e) of the Local Rules of the United States District Court for the Middle District of Florida, this action will be dismissed without prejudice. See also 28 U.S.C. §§ 1914(a), 1915(a)(1). If Plaintiff decides to initiate a new civil rights case, he must pay the $350.00 filing fee or file a request to proceed in forma pauperis within thirty days of the commencement of the action.

Accordingly, it is now

**ADJUDGED:**

1. The **Clerk of Court** shall send a "Civil Rights Complaint Form," an "Affidavit of Indigency" form, and a "Prisoner Consent

Form and Financial Certificate" to Plaintiff. If Plaintiff elects to refile his claims in a separate action, he may complete and submit these forms. Plaintiff should not place this case number on the forms. The Clerk will assign a separate case number if Plaintiff elects to refile his claims. In refiling, Plaintiff shall **either** file a fully completed "Prisoner Consent Form and Financial Certificate" and "Affidavit of Indigency" (if Plaintiff desires to proceed as a pauper) **or** pay the $350.00 filing fee (if Plaintiff does not desire to proceed as a pauper).

2. This case is hereby **DISMISSED** without prejudice.[1]

3. The Clerk of the Court shall enter judgment dismissing this case without prejudice.

4. The Clerk of the Court shall close this case.

**DONE AND ORDERED** at Jacksonville, Florida, this 16th day of May, 2012.

Howell W. Melton
UNITED STATES DISTRICT JUDGE

ps 5/9
c:
James David Nottle

---

[1] Plaintiff alleges that the Defendants are currently being deliberately indifferent to his serious medical needs. From a review of the grievances appended to the Complaint, it appears this alleged deliberate indifference started in November of 2011. Thus, his claims may be refiled in another action as they do not appear to be barred by the four-year statute of limitations for raising such claims.